# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHYE DAVIS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-0594 |
| | § | |
| GEOVERA SPECIALTY | § | |
| INSURANCE CO., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance coverage case was removed by Defendants from the 151st Judicial District Court of Harris County, Texas. The case is before the Court on Plaintiff's Motion to Remand [Doc. # 7], to which Defendants have responded in opposition [Doc. # 8], and Plaintiff has replied [Doc. # 9]. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction over this dispute and **grants** Plaintiff's Motion to Remand.

## I.    BACKGROUND

Plaintiff is a citizen of Texas, as are Defendants Team One Adjusting Services, LLC ("Team One"), Thomas Nicklas, Jr. ("Nicklas"), and Gregory Edmonson ("Edmonson"). Plaintiff was insured under an insurance policy issued by Defendant GeoVera Specialty Insurance Company ("GeoVera"). After Plaintiff's property was damaged in September 2008 during Hurricane Ike, Plaintiff submitted to GeoVera a

claim under the insurance policy for the property damage. Plaintiff alleges that GeoVera assigned Team One to adjust Plaintiff's claim. Plaintiff alleges that Niklas was at times pertinent to this suit an adjuster employed by GeoVera and/or Team One, and presents evidence that Niklas was the adjuster who inspected Plaintiff's property following Hurricane Ike. *See* Exhibit B to Plaintiff's Motion to Remand [Doc. #7-4]. Plaintiff alleges that Niklas conducted a substandard inspection and undervalued Plaintiff's damages. Plaintiff also alleges that Edmonson was an adjuster employed by GeoVera and presents evidence that Edmonson was the senior claims representative assigned to Plaintiff's claim. Edmonson, after a review of the insurance policy, sent Plaintiff a letter denying coverage for a portion of Plaintiff's losses. *See* Exhibit D to Plaintiff's Motion to Remand [Doc. # 7-6]. Plaintiff alleges that Edmonson conducted an unreasonable evaluation of Plaintiff's claim and wrongfully denied a portion of her claim.

Plaintiff filed suit in the 151st Judicial District Court of Harris County, Texas, alleging that Team One, Niklas, and Edmonson violated provisions of the Texas Insurance Code by failing to adjust the claim properly[1] and that GeoVera failed to pay

---

[1] Plaintiff asserts causes of action against Niklas, Edmonson, and Team One for noncompliance with the Texas Insurance Code. *See* Plaintiff's Original Petition [Doc. # 1-5], ¶¶ 35-41; *id.*, ¶¶ 42-47.

all amounts due under the insurance policy.[2] GeoVera removed the case to this federal court, alleging simply diversity of citizenship under 28 U.S.C. § 1332(a).[3] Plaintiff timely filed a Motion to Remand [Doc. # 7] based on lack of complete diversity between the parties. In their Response [Doc. # 8], Defendants argue that Defendants Team One, Niklas, and Edmonson were improperly joined. Plaintiff's Motion to Remand has been fully briefed and is now ripe for decision.

## II.  ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

---

[2]  Plaintiff alleges the following causes of action against GeoVera: Breach of Contract, Breach of the Common-Law Duty of Good Faith and Fair Dealing, and violations of the Texas Insurance Code. *See id.*, ¶¶ 52-66. Additionally, Plaintiff alleges fraud and conspiracy to commit fraud against all defendants. *See id.*, ¶¶ 48-51.

[3]  Defendants' Notice of Removal [Doc. # 1].

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

In its Notice of Removal, GeoVera contends that this court has subject matter jurisdiction based on diversity of citizenship.[4] Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is appropriate only if none of the parties properly joined is a citizen of the state in which the action was brought, here, Texas. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

GeoVera asserts that Team One, Niklas, and Edmonson were improperly joined and that, as a result, the Court should disregard their Texas citizenship for purposes of diversity jurisdiction. For the reasons set forth below, the Court concludes that Team One, Niklas, and Edmonson were not improperly joined. As a result, complete diversity is lacking and remand is appropriate in this case.

---

[4] There is no argument that federal question jurisdiction is involved in this case.

A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second alternative "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. The removing party's "showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & O. R.. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82 (5th Cir. 2007). Generally, if the plaintiff's complaint could survive a Rule 12(b)(6) challenge, joinder is not improper. *See Smallwood*, 385 F.3d at 573; *Boone v. Citigroup, Inc.*,

416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand . . . .").

It is well-established and undisputed that Texas law allows a plaintiff to maintain a cause of action for unfair insurance settlement practices against individuals other than the insurer. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998); *see also* TEX. INS. CODE § 541.141 (permitting a private cause of action against "another person" who commits enumerated act or practice and including "adjuster" under the definition of "person"). The United States Court of Appeals for the Fifth Circuit has held that an adjuster can be found liable under the Texas Insurance Code. *See Gasch*, 491 F.3d at 282.

Defendants argue that Plaintiff cannot maintain a cause of action under Texas law against Team One because it was hired exclusively by the insurance carrier, here, GeoVera. Defendants rely heavily on *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 791 (Tex. App.–Houston [14 Dist.] 2000, no pet.), which relied on *Natvidad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994), and its progeny in holding that an entity hired by an insurance carrier to perform engineering services could not be liable to the insured for negligence in the absence of a contractual relationship between the insured and the adjuster. The *Dagley* court further held that the engineering firm could not be

liable to the insured under the Texas Insurance Code because it was not in the business of insurance. *Dagley* is materially and factually distinguishable from this case. Plaintiff here alleges claims against the entity and individuals that actually adjusted Plaintiff's claims. Additionally, as previously held by this Court, plaintiffs can state valid claims under the Texas Insurance Code against independent adjusters, and the couple of rulings to the contrary do not representing authoritative Texas state law. *See Centaurus Inglewood, LP v. Lexington Ins. Co.*, --- F. Supp. 2d ---, 2011 WL 679916, at *3 (S.D. Tex. Feb. 9, 2011) ("The Fifth Circuit, also relying on an earlier Texas Supreme Court decision *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998), made clear that the holding of *Natividad* does not bar claims under the Texas Insurance Code." (citing *Gasch*, 491 F.3d at 283)).

Defendants concede that it is possible to maintain a cause of action under the Texas Insurance Code against individual adjusters Niklas and Edmonson. Defendants argue, however, that there is no possibility of recovery against Niklas and Edmonson based on the facts pleaded in Plaintiff's Original Petition. Defendants cite *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999), for the proposition that whether a plaintiff has stated a valid state law cause of action depends on and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. While Defendants description of *Griggs* is accurate, the Court is unpersuaded by

Defendants' application of that opinion to the circumstances at bar.

In *Griggs*, the plaintiff had made no factual allegations about conduct by the non-diverse defendant, an insurance agent who sold plaintiff the policy in issue. The *Griggs* plaintiff thus had made no factual allegations demonstrating any claim against the agent. *See* 181 F.3d at 699. Here, in contrast, Plaintiffs' complaint construed liberally alleges facts that, if proven, state an actionable claim for violation of the Texas Insurance Code by Niklas, Edmonson, and/or Team One. In her Original Petition, Plaintiff alleges, *inter alia*, that Niklas and Edmonson "conducted a substandard investigation of Plaintiff's property" and that "the damages Niklas and Edmonson actually included in their report were grossly undervalued."[5] Plaintiff asserts that this conduct, *inter alia*, violated Chapter 541 of the Texas Insurance Code. Plaintiff also asserts and presents uncontroverted evidence that Niklas was assigned by Team One to inspect Plaintiff's property and adjust her claim and that he apparently did so. *See* Exhibit B to Plaintiff's Motion to Remand [Doc. # 7-4]. Plaintiff further has presented uncontroverted evidence that Edmonson was the senior claims representative that denied Plaintiff's claim on behalf of GeoVera. *See* Exhibit

---

[5] Plaintiff's Original Petition, ¶ 19. Plaintiff also alleges that Defendants collectively misrepresented that the damage was not covered under the policy, failed to make an attempt to settle Plaintiff's claims in a fair manner, failed to explain the reasons for not offering adequate compensation, and failed to affirm or deny coverage within a reasonable time. *See id.* ¶¶ 23-27

D to Plaintiff's Motion to Remand [Doc. # 7-6].

Defendants have not demonstrated that there is no possibility under Texas law that Plaintiff could prevail on her Texas Insurance Code claims based on these factual allegations. As a result, Defendants failed to carry their burden to establish that Team One, Niklas, and Edmonson were all improperly joined. Defendants' failure to carry this burden as to even one nondiverse defendant destroys subject matter jurisdiction. Because Plaintiff, Team One, Niklas, and Edmonson are Texas citizens, complete diversity of citizenship is absent and this Court lacks subject matter jurisdiction over this dispute.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their heavy burden to establish that Team One, Niklas, and Edmonson were improperly joined as Defendants in this case. Consequently, the Court lacks subject matter jurisdiction and the action must be remanded to the 151st Judicial District Court of Harris County, Texas. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **GRANTED**. This case is remanded to the **151st Judicial District Court of Harris County, Texas**, for lack of subject matter jurisdiction.

The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 30th day of **March, 2011**.

_____
Nancy F. Atlas
United States District Judge